1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS MITCHELL and PATRICIA S, JOHANSON-MITCHELL, husband and wife, and Buckley Evans and TINA EVANS, husband and wife, ROBERT C. DOBLER and LIZBETH K. DOBLER, husband and wife, <br><br> Plaintiff, <br><br> v. <br><br> TULALIP TRIBES OF WASHINGTON, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Comes now the Plaintiffs, through undersigned counsel, and allege and complain as follows:

## I. PARTIES

1.1.    Buckley Evans and Tina Evans are husband and wife. These parties are the owners of certain real estate located in Snohomish County legally described as:

ALL THAT PART OF TRACT 8, SNOQUALMIE JIM'S PLAT TULALIP ALLOTTE NO. 56, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 10 OF PLATS, PAGE 63, RECORDS OF SNOHOMISH COUNTY, WASHINGTON; LYING SOUTHEASTERLY OF A LINE PARALLEL WITH AND 351.1 FEET DISTANT FROM THE NORTHWESTERLY BOUNDARY LINE OF SAID TRACT 8.

SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON.

BRAIN LAW FIRM PLLC
1119 PACIFIC AVENUE, SUITE 1200
TACOMA, WASHINGTON 98402
TEL: 253-327-1019 / FAX: 253-327-1021

The tax identification number for this property is 005798-000-008-04. These parties are not members of the Defendant Tulalip Tribes of Washington. A copy of the Commitment for Title Insurance for this property is Ex. 1.

1.2.    Thomas Mitchell and Patricia S, Johanson-Mitchell are husband and wife. These parties are the owners of certain real estate located in Snohomish County legally described as:

> PORTION OF TRACT 5, SNOQUALMIE JIM'S PLAT OF TULALIP NO. 56, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 10, OF PLATS, PAGE 63, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHEASTRLY CORNER OF SAID TRACT 5, RUNNING THENCE SOUTH 21°52' WEST ALONG THE EASTERLY LINE THEREOF 227.65 FEET;THENCE NORTH 69°53' WEST 93.60 FEET TO THE TRUE POINT OF BEGINNING;CONTINUING THENCE NORTH 69°53' WEST 49.94 FEET; THENCE SOUTH 23°25' WEST 246 FEET, MORE OR LESS, TO THE SHORE OF PUGET SOUND; THENCE SOUTHEASTERLY ALONG THE SAID SHORE 50 FEET, MORE OR LESS TO A POINT WHICH IS SOUTH 23°25' WEST 239 FEET, MORE OR LESS FROM THE POINT OF BEGINNING; THENCE NORTH 23°25' EAST 239 FEET, MORE OR LESS TO THE TRUE POINT OF BEGINNING.
>
> SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON.

The tax identification number for this property is 005798-000-005-05. These parties are not members of the Defendant Tulalip Tribes of Washington. A copy of the Commitment for Title Insurance for this property is Ex. 2.

1.3.    Robert C. and Lizbeth K. Dobler are husband and wife. These parties are the owners in fee simple of certain real estate located in Snohomish County legally described as:

> ALL THAT PORTION OF TRACT 8, SNOQUALMIE JIM'S PLAT TULALIP ALLOTTE NO. 56 COMPRISING LOTS 6, 7, 8 OF SECTION 27 AND LOT 1 OF SECTION 34, TOWNSHIP 30 NORTH, RANGE 4 EAST, W.M., TULALIP INDIAN RESERVATION, ACCORDING TO THE PLAT THEREOF,RECORDED IN VOLUME 10 OF PLATS, PAGE 63, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, LYING BETWEEN TWO SIDE LINES DRAWN PARALLEL WITH THE NORTHWESTERLY BOUNDARY LINE OF SAID TRACT 8 AND DISTANT THEREFROM IN A SOUTHEASTERLY DIRECTION RESPECTIVELY 251.1 FEET AND 351.1 FEET;
> SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON.

Complaint for Declaratory and Injunctive Relief– Page 2

1   The tax identification number for this property is 005798-000-008-03. These parties are not

2   members of the Defendant Tulalip Tribes of Washington. A copy of the Commitment for Title

3   Insurance for this property is Ex. 3.

4        1.5.    The Tulalip Tribes of Washington are a sovereign Native American Tribe whose

5   Reservation is located in Snohomish County.

## II. JURISDICTION AND VENUE

7        2.1    Jurisdiction:    Jurisdiction is in this Court pursuant to 28 USC § 1331 in that this

8   matter involves questions of federal law.

9        2.2.    Venue: Venue is in this Court under 28 USC § 1391.

## III. FACTS

11        3.1.    The properties owned by Plaintiffs are within the historic boundaries of the

12   Tulalip Reservation. With respect to Robert C. and Lizbeth K. Dobler, Buckley Evans and Tina

13   Evans, and, Thomas Mitchell and Patricia S, Johanson-Mitchell the properties owned by these

14   Plaintiffs were allotted to members of the Tulalip Tribe, patented in fee in May 1924, platted in

15   December 1924 and, thereafter sold in fee simple to non-members of the Tulalip Tribe who are

16   Plaintiffs' predecessors in interest.

17        3.2.    The properties ceased to be held in trust as of the date of allotment. On transfer of

18   the properties to non-native fee owners, Tribal jurisdiction over the properties, including the

19   authority to tax, was terminated as a matter of law.

20        3.3.    On April 9, 1999, the Defendant caused to be recorded a Memorandum of

21   Ordinance under Snohomish County recording No. 9904090798, purporting to give notice of

22   land use regulatory authority over any and all properties located within the original boundaries

23   of the Tulalip Reservation. Each of Plaintiffs' properties are identified in that recording by tax

24   identification number only. As a result, the Memorandum of Ordinance is insufficient to give

25   constructive notice of the purported regulatory authority which is the subject of the

26   Memorandum of Ordinance.

27        3.4. The 9th Circuit Court of Appeals recently concluded that Tribal efforts to regulate

28   landowners in the position of Plaintiffs are "presumptively invalid." *Evans v. Shoshone-Bannock*

*Land Use Policy Comm'n*, 736 F.3d 1298, 1302–03 (9th Cir. 2013), citing to *Montana v. United States*, 450 U.S. 544, 566, 101 S. Ct. 1245, 1258, 67 L. Ed. 2d 493 (1981). Federal Courts have applied the same rule invalidating Tribal efforts to regulate non-native fee owners for 35 years. *Montana* states the general rule that tribes do not have regulatory authority over lands owned by non-tribal members except where there is an express grant of authority by Congress. This rule has been repeatedly upheld in subsequent cases:

> Absent express authorization by federal statute or treaty, tribal jurisdiction over nonmembers' conduct exists only in limited circumstances.

*Strate v. A-1 Contractors*, 520 U.S. 438, 439, 117 S. Ct. 1404, 1406, 137 L. Ed. 2d 661 (1997). There is no such express grant of authority. In the context of land use:

> ***[W]hen a tribe attempts to assert regulatory authority over land that is owned and controlled by a nonmember, it confronts a nearly impossible task.*** This is because, under *Strate,* "tribes lack authority to regulate, and thus power to adjudicate, activities on land alienated to non-Indians." *Id.* at 1027; *see also Red Wolf,* 196 F.3d at 1064 (citing *Strate* for the proposition that "[t]ribal jurisdiction over nonmembers on land subject to *Montana*'s main rule requires express congressional authorization").

*Bugenig v. Hoopa Valley Tribe*, 229 F.3d 1210, 1223 (9th Cir. 2000) on reh'g en banc, 266 F.3d 1201 (9th Cir. 2001).

    3.5.    The Memorandum of Ordinance fails to comply with applicable law by failing to include a sufficient legal description for the properties it purports to affect. The recorded Memorandum of Ordinance nevertheless has been identified as an encumbrance to Plaintiffs' title as shown by Special Exceptions to Coverage in each Title Commitment in the following form:

> Memorandum of Ordinance No. 99-054 and the terms and conditions thereof:
> Recording Date: April 9, 1999
> Recording No.: 9904090798
> Regarding: Zoning, minimum required lot sizes and subdivision requirements.

The Memorandum of Ordinance is a cloud on title to Plaintiffs' properties.

    3.6.    The Defendant has adopted a provision of the Tulalip Tribal Code ("TCC"): Chap. 12.20 et seq., pursuant to which Defendant purports to that it is entitled to levy an excise

BRAIN LAW FIRM PLLC
1119 PACIFIC AVENUE, SUITE 1200
TACOMA, WASHINGTON 98402
TEL: 253-327-1019 / FAX: 253-327-1021

on the transfer of real property held in fee simple title by non-tribal members within the original boundaries of the Reservation. TCC 12.20.170(16) purports to create a lien securing payment of this tax on Plaintiff's properties. This claim appears as a special exception to coverage and therefore as an encumbrance to and cloud on title in Plaintiffs' title commitments as follows:

> Payment of real estate excise tax, if required. The Land is situated within the boundaries of the Tulalip Indian. Reservation Indian Reservation. Present rate of excise tax as of the date herein is 1% (one percent).

On information and belief, escrow companies are treating the claimed tax as an enforceable lien requiring payment of the tax as a condition to closing transactions involving non-native fee owned properties within the original boundaries of the Tulalip Reservation.

3.7.    On information and belief, the Defendant justifies the levy by asserting it falls within the scope of the "consensual relationship exception" identified in *Montana v. United States,* 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493, on the basis that a tribal owned utility is providing water and sewer service to properties held in fee simple title by non-tribal members within the original boundaries of the Reservation and/or that it is justified by the provision of amenities by the Tribe to non-native fee holders.   However, the Supreme Court rejected this assertion in *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 128 S. Ct. 2709, 2712, 171 L. Ed. 2d 457 (2008): "*Montana* does not permit Indian tribes to regulate the sale of non-Indian fee land." Id at 554 U.S. 316, 332, 128 S. Ct. 2709, 2721, 171 L. Ed. 2d 457 (2008). The tax imposed by Defendant is therefore without legal justification and its imposition outside the jurisdiction of the Defendant to levy.

### IV. PLAINTIFFS' CAUSE OF ACTION

4.1.    Plaintiffs are entitled to a declaration of this Court that Defendant is without jurisdiction to regulate uses on Plaintiffs' lands and, has impermissibly and without privilege clouded Plaintiffs' title to Plaintiffs' real properties by recording the Memorandum of Ordinance asserting jurisdiction for the purposes of land use regulatory authority over Plaintiffs' real properties which jurisdiction Defendant does not in fact have.

4.2.    Plaintiffs are entitled to a declaration of this Court that Defendant is without jurisdiction to levy a tax on transfer of non-native owned properties and, has impermissibly and

1    without privilege clouded Plaintiffs' title to Plaintiffs' real properties by asserting a lien for

2    excise tax on the transfer of Plaintiffs' real properties.

3        WHEREFORE, Plaintiffs pray for the following relief:

4        1.      For a declaration as requested in Paragraphs 4.1 and 4.2 above.

5        2. For a permanent injunction enjoining Defendant from asserting any right to levy a tax

6    on transfer of non-native owned properties.

7        3.      For an order quieting title to Plaintiffs' properties free and clear of any rights,

8    claims or encumbrances arising from the recordation of the Memorandum of Ordinance or

9    otherwise arising from Defendant's claim of jurisdiction over  properties held in fee simple title

10   by non-tribal members within the original boundaries of the Reservation.

11       4.      For an order quieting title to Plaintiffs' properties free and clear of any rights,

12   claims or encumbrances arising from Defendant's claim of  authority to levy excise tax through

13   a lien on Plaintiffs' properties.

14       5.      For such other relief as the Court may deem appropriate.

15       DATED this 23rd day of August, 2017.

16       BRAIN LAW FIRM PLLC

17

18

19       By: _____
             Paul E. Brain, WSBA #13438

20       Attorney for Plaintiffs

21

22

23

24

25

26

27

28

Complaint for Declaratory and Injunctive Relief– Page 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint for Declaratory and Injunctive Relief– Page 7

BRAIN LAW FIRM PLLC
1119 PACIFIC AVENUE, SUITE 1200
TACOMA, WASHINGTON  98402
TEL: 253-327-1019 / FAX: 253-327-1021

# EXHIBIT 1

# Evans Title Commitment

# ALTA COMMITMENT FOR TITLE INSURANCE

Issued By agent:

 CHICAGO TITLE COMPANY

Commitment Number:

**500053587**

CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six (6) months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

This Commitment shall not be valid or binding until countersigned by a validating officer or authorized signatory.

IN WITNESS WHEREOF, CHICAGO TITLE INSURANCE COMPANY has caused its corporate name and seal to be affixed by its duly authorized officers on the date shown in Schedule A.

**Chicago Title Insurance Company**

By:

_____
President

Countersigned By:

_Kristy Jeglum_

_____
Authorized Officer or Agent

Attest:

_____
Secretary

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



ALTA Commitment (Adopted: 06.17.2006)

Printed: 02.27.17 @ 11:01 AM
WA-CT-FNRV-02150.624691-SPS-1-17-500053587

**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053587**

| ISSUING OFFICE: | FOR SETTLEMENT INQUIRIES, CONTACT: |
|---|---|
| Title Officer:  Builder Unit<br>Chicago Title Company<br>3002 Colby Ave., Suite 200<br>Everett, WA 98201<br>Fax:  (866)827-8844<br>Main Phone:  (425)259-8223<br>Email:  evebuilder@ctt.com | |

## SCHEDULE A

**ORDER NO. 500053587**

1. Effective Date:  February 15, 2017 at 08:00 AM

2. Policy or (Policies) to be issued:

    a. ALTA Homeowner's Policy of Title Insurance 2010
       Proposed Insured:    To Be Determined
       Policy Amount:    To Be Determined
       Premium:                  To Be Determined
       Tax:                    To Be Determined
       Rate:          Homeowner's
       Total:                 To Be Determined

    b. ALTA Loan Policy 2006
       Proposed Insured:    To Be Determined
       Policy Amount:    To Be Determined
       Premium:                  To Be Determined
       Tax:                    To Be Determined
       Rate:          Lender Extended
       Total:                 To Be Determined

3. The estate or interest in the land described or referred to in this Commitment is:

    FEE SIMPLE

4. Title to the estate or interest in the land is at the Effective Date vested in:

    Buckley Evans and Tina Evans, husband and wife who acquired title as Buckley Evans and Tina Clark, each as
    their separate estate

5. The land referred to in this Commitment is described as follows:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**END OF SCHEDULE A**

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



# EXHIBIT "A"
Legal Description

### For APN/Parcel ID(s):  005798-000-008-04

All that part of Tract 8, Snoqualmie Jim's Plat Tulalip Allotte No. 56, according to the Plat thereof recorded in Volume 10 of Plats, page 63, records of Snohomish County, Washington; lying Southeasterly of a line parallel with and 351.1 feet distant from the Northwesterly boundary line of said Tract 8.

Situate in the County of Snohomish, State of Washington.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

ALTA Commitment (Adopted:  06.17.2006)

Page 3

Printed: 02.27.17 @ 11:01 AM
WA-CT-FNRV-02150.624691-SPS-1-17-500053587

CHICAGO TITLE COMPANY                                    COMMITMENT NO. 500053587

## SCHEDULE B

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

### GENERAL EXCEPTIONS:

A. Rights or claims of parties in possession, or claiming possession, not shown by the Public Records.

B. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete survey of the land.

C. Easements, prescriptive rights, rights of way, liens or encumbrances, or claims thereof not disclosed by the Public Records.

D. Any lien, or right to a lien, for contributions to the employee benefit funds, of for state workers compensation, or for services, labor, or material heretofore or hereafter furnished, all as imposed by law, and not shown by the Public Records.

E. Taxes or special assessments which are not yet payable or which are not shown as existing liens by the Public Records.

F. Any lien for service, installation, connection, maintenance, tap, capacity or construction or similar charges for sewer, water, electricity, natural gas or other utilities, or for garbage collection and disposal not shown by the Public Records.

G. Unpatented mining claims, and all rights relating thereto.

H. Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof.

I. Indian tribal codes or regulations, Indian treaty or aboriginal rights, including easements or equitable servitudes.

J. Water rights, claims or title to water.

K. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date but prior to the date the Proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

### SPECIAL EXCEPTIONS:

1.     The Land is located within the boundaries of the Tulalip Indian Reservation.  The governmental regulatory powers referenced in Paragraphs 1 and 2 of the Exclusion from Coverage include, in addition to other governmental entities, said Tribe.

2.     Water rights, claims or title to water within the boundaries of the Tulalip Indian Reservation.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                              **COMMITMENT NO. 500053587**

## SCHEDULE B
(continued)

3.    Restrictions, including any restraint against alienation, as contained in the deed or the federal patent and the act authorizing the issuance thereof, under which title is vested.

4.    Memorandum of Ordinance No. 99-054 and the terms and conditions thereof, as recorded under recording no. 9904090798, records of Snohomish County, Washington, relating to zoning, minimum required lot sizes and subdivision requirements.

5.    Question of location of lateral boundaries of said second class tidelands or shorelands.

6.    Any prohibition or limitation of use, occupancy or improvement of the Land resulting from the rights of the public or riparian owners to use any portion which is now or was formerly covered by water.

7.    Paramount rights and easements in favor of the United States for commerce, navigation, fisheries and the production of power.

8.    Covenants, conditions, restrictions, recitals, reservations, easements, easement provisions, dedications, building setback lines, notes, statements, and other matters, if any, but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth on Snoqualmie Beach, recorded November 19, 1928, according to the Plat thereof recorded in Volume 10 of Plats, page 120:

      Recording No:   439798

9.    Critical Areas Site Plan including the terms, covenants and provisions thereof

      Recording Date:     December 5, 2003 and July 15, 2004
      Recording No.:      200312050002 and 200407150260

10.   Obligation, if any, for maintenance of an easement including the terms, covenants and provisions thereof

      Recording Date:     January 5, 2007
      Recording No.:      200701050540

11.   Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof; Indian treaty or aboriginal rights.

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053587**

## SCHEDULE B
(continued)

12.    Payment of the real estate excise tax, if required.

     The Land is situated within the boundaries of local taxing authority of Unincorporated Snohomish County.

     Present rate of real estate excise tax as of the date herein is 1.78 percent.

     Any conveyance document must be accompanied by the official Washington State Excise Tax Affidavit. The applicable excise tax must be paid and the affidavit approved at the time of the recording of the conveyance documents. (NOTE: Real Estate Excise Tax Affidavits must be printed as legal size forms).

     An additional $5.00 Electronic Technology Fee must be included in all excise tax payments.

     If the transaction is exempt, an additional $5.00 Affidavit Processing Fee is required.

13.    Payment of real estate excise tax, if required.   The Land is situated within the boundaries of the Tulalip Indian Reservation.  Present rate of excise tax as of the date herein is 1% (one percent).

14.    General and special taxes and charges, payable February 15, delinquent if first half unpaid on May 1, second half delinquent if unpaid on November 1 of the tax year (amounts do not include interest and penalties):

     Year:                                 2017
     Tax Account Number:       005798-000-008-04
     Levy Code:                        01269
     Assessed Value-Land:        $433,000.00
     Assessed Value-Improvements: $637,600.00

     General and Special Taxes:    Billed:   $12,731.22
                                                       Paid:     $0.00
                                                       Unpaid: $12,731.22

15.    A deed of trust to secure an indebtedness in the amount shown below,

     Amount:                            $544,600.00
     Dated:                              December 30, 2016
     Trustor/Grantor:               Tina Evans and Buckley Evans, wife and husband who acquired title as Buckley Evans
     and Tina Clark
     Trustee:                           George C. Reinmiller Trustee Inc
     Beneficiary:                      Mortgage Electronic Registration Systems, Inc., solely as nominee for Boeing Employees'
     Credit Union
     Loan No:                          262291
     Recording Date:                January 9, 2017
     Recording No.:                  201701090553

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                          **COMMITMENT NO. 500053587**

## SCHEDULE B
(continued)

16.     In the event that the Land is occupied or intended to be occupied by the owner and a spouse or registered domestic partner as a homestead, the conveyance or encumbrance of the Land must be executed and acknowledged by both spouses or both registered domestic partners, pursuant to RCW 6.13 which now provides for an automatic homestead on such Land.

17.     The names of the proposed insured were not furnished in the application for title insurance, and when disclosed, the commitment will be subject to such matters as may be found by a search of the records against said names.

         The Company reserves the right to add additional items or make further requirements after review of the requested documentation.

### END OF EXCEPTIONS

### NOTES

The following matters will not be listed as Special Exceptions in Schedule B of the policy.  There will be no coverage for loss arising by reason of the matters listed below because these matters are either excepted or excluded from coverage or are not matters covered under the insuring provisions of the policy.

Note A:         Your application for title insurance was placed by reference to only a street address or tax identification number.  Based on our records, we believe that the legal description in this report covers the parcel(s) of Land that you requested.  If the legal description is incorrect, the seller/borrower must notify the Company and/or the settlement company in order to prevent errors and to be certain that the correct parcel(s) of Land will appear on any documents to be recorded in connection with this transaction and on the policy of title insurance.

Note B:         Note:  FOR INFORMATIONAL PURPOSES ONLY:

         The following may be used as an abbreviated legal description on the documents to be recorded, per Amended RCW 65.04.045.  Said abbreviated legal description is not a substitute for a complete legal description within the body of the document:

         PTN TRACT 8, SNOQUALMIE JIM'S PLAT TULALIP ALLOTTE NO. 56, SNOHOMISH COUNTY, WA
         Tax Account No.:  005798-000-008-04

Note C:         The Public Records indicate that the address of the improvement located on said Land is as follows:

         3420 Mission Beach Road
         Marysville, WA 98271

Note D:         Note: There are NO conveyances affecting said Land recorded within 36 months of the date of this report.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

**CHICAGO TITLE COMPANY**                              **COMMITMENT NO. 500053587**

**SCHEDULE B**
(continued)

Note E:         Note: The Company is willing to issue an Extended Coverage Lenders Policy. General Exceptions A through K, inclusive, are hereby deleted.

                  ALTA 22-06, ALTA 8.1 and ALTA 9-06 Endorsements will issue with the forthcoming lenders policy.

Note F:         This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances or acreage shown thereon.

**END OF NOTES**

**END OF SCHEDULE B**

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.

**CHICAGO TITLE COMPANY**                                          **COMMITMENT NO. 500053587**

## CONDITIONS

1.  The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2.  If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3.  Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4.  This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5.  *The policy to be issued contains an arbitration clause. All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. You may review a copy of the arbitration rules at http://www.alta.org.*

## END OF CONDITIONS

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



# EXHIBIT 2

# Mitchell Title Commitment

# ALTA COMMITMENT FOR TITLE INSURANCE

Issued By agent:


**CHICAGO TITLE COMPANY**

| Commitment Number: |
|---|
| **500053591** |

CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six (6) months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

This Commitment shall not be valid or binding until countersigned by a validating officer or authorized signatory.

IN WITNESS WHEREOF, CHICAGO TITLE INSURANCE COMPANY has caused its corporate name and seal to be affixed by its duly authorized officers on the date shown in Schedule A.

Chicago Title Insurance Company

By:

_____
President

Countersigned By:

*Kristy Jeglum*

_____
Authorized Officer or Agent

Attest:

_____
Secretary

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



ALTA Commitment (Adopted: 06.17.2006)                Page 1

**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053591**

| ISSUING OFFICE: | FOR SETTLEMENT INQUIRIES, CONTACT: |
|---|---|
| Title Officer:  Builder Unit<br>Chicago Title Company<br>3002 Colby Ave., Suite 200<br>Everett, WA 98201<br>Fax:  (866)827-8844<br>Main Phone:  (425)259-8223<br>Email:  evebuilder@ctt.com | |

## SCHEDULE A

**ORDER NO. 500053591**

1.  Effective Date:  February 28, 2017 at 08:00 AM

2.  Policy or (Policies) to be issued:

    a.  ALTA Homeowner's Policy of Title Insurance 2010
        Proposed Insured:    To Be Determined
        Policy Amount:    To Be Determined
        Premium:                      To Be Determined
        Tax:                           To Be Determined
        Rate:               Homeowner's
        Total:                       To Be Determined

    b.  ALTA Loan Policy 2006
        Proposed Insured:    To Be Determined
        Policy Amount:    To Be Determined
        Premium:                      To Be Determined
        Tax:                           To Be Determined
        Rate:               Residential Purchase Loan Rate
        Total:                       To Be Determined

3.  The estate or interest in the land described or referred to in this Commitment is:

    FEE SIMPLE

4.  Title to the estate or interest in the land is at the Effective Date vested in:

    Thomas Mitchell and Patricia S. Johansen-Mitchell, husband and wife

5.  The land referred to in this Commitment is described as follows:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

## END OF SCHEDULE A

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

# EXHIBIT "A"
### Legal Description

PORTION OF TRACT 5, SNOQUALMIE JIM'S PLAT OF TULALIP NO. 56, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 10, OF PLATS, PAGE 63, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID TRACT 5,
RUNNING THENCE SOUTH 21°52' WEST ALONG THE EASTERLY LINE THEREOF 227.65 FEET;
THENCE NORTH 69°53' WEST 93.60 FEET TO THE TRUE POINT OF BEGINNING;
CONTINUING THENCE NORTH 69°53' WEST 49.94 FEET;
THENCE SOUTH 23°25' WEST 246 FEET, MORE OR LESS, TO THE SHORE OF PUGET SOUND;
THENCE SOUTHEASTERLY ALONG THE SAID SHORE 50 FEET, MORE OR LESS TO A POINT WHICH IS SOUTH 23°25' WEST 239 FEET, MORE OR LESS FROM THE POINT OF BEGINNING;
THENCE NORTH 23°25' EAST 239 FEET, MORE OR LESS TO THE TRUE POINT OF BEGINNING.

SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



CHICAGO TITLE COMPANY                                    COMMITMENT NO. 500053591

## SCHEDULE B

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

**GENERAL EXCEPTIONS:**

A. Rights or claims of parties in possession, or claiming possession, not shown by the Public Records.

B. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete survey of the land.

C. Easements, prescriptive rights, rights of way, liens or encumbrances, or claims thereof not disclosed by the Public Records.

D. Any lien, or right to a lien, for contributions to the employee benefit funds, of for state workers compensation, or for services, labor, or material heretofore or hereafter furnished, all as imposed by law, and not shown by the Public Records.

E. Taxes or special assessments which are not yet payable or which are not shown as existing liens by the Public Records.

F. Any lien for service, installation, connection, maintenance, tap, capacity or construction or similar charges for sewer, water, electricity, natural gas or other utilities, or for garbage collection and disposal not shown by the Public Records.

G. Unpatented mining claims, and all rights relating thereto.

H. Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof.

I. Indian tribal codes or regulations, Indian treaty or aboriginal rights, including easements or equitable servitudes.

J. Water rights, claims or title to water.

K. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date but prior to the date the Proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.


**SPECIAL EXCEPTIONS:**


1.       The Land described herein lies within the boundaries of the Tulaip Indian Reservation.  The governmental regulatory powers referenced in Paragraphs 1 and 2 of the Exclusion from Coverage include, in addition to other governmental entities, said Tribe.

2.       Water rights, claims or title to water within the boundaries of the Tulalip Indian Reservation.


**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

CHICAGO TITLE COMPANY                            COMMITMENT NO. 500053591

## SCHEDULE B
### (continued)

3.       Memorandum of Ordinance No. 99-054 and the terms and conditions thereof:

          Recording Date:      April 9, 1999
          Recording No.:       9904090798
          Regarding:           Zoning, minimum required lot sizes and subdivision requirements.

4.       Rights of the United States and the State of washington to regulate the use or occupancy of that portion of the land lying below the line of the mean high tide.

5.       Any question that may arise due to shifting or change in the course, boundaries or high water line of Puget Sound or due to prior shifting or changing of the course, boundaries or high water line; and rights of the State of Washington in and to that portion of said Land, if any, lying in the bed or former bed of Puget Sound.

6.       Any restrictions on the use of any portion of the land subject to submergence that derive from the rights of the public and riparian owners to use any waters which may cover that portion.

7.       Any prohibition or limitation of use, occupancy or improvement of the Land resulting from the rights of the public or riparian owners to use any portion which is now or was formerly covered by water.

8.       Paramount rights and easements in favor of the United States for commerce, navigation, fisheries and the production of power.

9.       Question of location of lateral boundaries of said second class tidelands or shorelands.

10.      The coverage provided by this company does not extend to any structure built over or upon the bed or surface of Puget Sound.

11.      Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof; Indian treaty or aboriginal rights.

12.      Payment of the real estate excise tax, if required.

          The Land is situated within the boundaries of local taxing authority of Unincorporated Snohomish County.

          Present rate of real estate excise tax as of the date herein is 1.78 percent.

          Any conveyance document must be accompanied by the official Washington State Excise Tax Affidavit. The applicable excise tax must be paid and the affidavit approved at the time of the recording of the conveyance documents. (NOTE: Real Estate Excise Tax Affidavits must be printed as legal size forms).

          An additional $5.00 Electronic Technology Fee must be included in all excise tax payments.

          If the transaction is exempt, an additional $5.00 Affidavit Processing Fee is required.

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053591**

## SCHEDULE B
(continued)

13.   General and special taxes and charges, payable February 15, delinquent if first half unpaid on May 1, second half delinquent if unpaid on November 1 of the tax year (amounts do not include interest and penalties):

|  |  |
|---|---|
| Year: | 2017 |
| Tax Account Number: | 005798-000-005-05 |
| Levy Code: | 01269 |
| Assessed Value-Land: | $310,400.00 |
| Assessed Value-Improvements: | $259,700.00 |

|  |  |  |
|---|---|---|
| General and Special Taxes: | Billed: | $6,781.81 |
|  | Paid: | $0.00 |
|  | Unpaid: | $6,781.81 |

14.   A deed of trust to secure an indebtedness in the amount shown below,

|  |  |
|---|---|
| Amount: | $315,000.00 |
| Dated: | October 12, 2010 |
| Trustor/Grantor: | Thomas Mitchell and Patricia S. Johansen-Mitchell |
| Trustee: | ReconTrust Company, N.A. |
| Beneficiary: | Mortgage Electronic Registration Systems, Inc., solely as nominee for Bank of America, N.A. |
| Loan No.: | 0000758886 |
| Recording Date: | January 28, 2011 |
| Recording No.: | 201101280211 |

An assignment of the beneficial interest under said deed of trust which names:

|  |  |
|---|---|
| Assignee: | Bank of America, N. A. |
| Loan No.: | 0000758886 |
| Recording Date: | January 16, 2015 |
| Recording No: | 201501160515 |

15.   A state tax lien for the amount shown and any other amounts due,

|  |  |
|---|---|
| Filed by: | Washington Department of Social and Health Services, Division of Child Support (DCS) |
| Taxpayer: | Thomas P. Mitchell |
| Amount: | $21,033.76 |
| Recording Date: | November 6, 1997 |
| Recording No.: | 9711060056 |

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053591**

## SCHEDULE B
(continued)

16.     A state tax lien for the amount shown and any other amounts due,

| | |
|---|---|
| Filed by: | Washington Department of Social and Health Services, Division of Child Support (DCS) |
| Taxpayer: | Thomas P. Mitchell |
| Amount: | $865.08 |
| Recording Date: | November 1, 1991 |
| Recording No.: | 9111010144 |

The effect of said matter(s) depends upon the identity of the debtor.  Please have the confidential information statement(s) attached to this Commitment completed and returned to this office at least three days prior to close in order for the company to make a final determination as to the effect of said matters.

17.     The names of the proposed insured were not furnished in the application for title insurance, and when disclosed, the commitment will be subject to such matters as may be found by a search of the records against said names.

The Company reserves the right to add additional items or make further requirements after review of the requested documentation.

### END OF EXCEPTIONS

### NOTES

The following matters will not be listed as Special Exceptions in Schedule B of the policy.  There will be no coverage for loss arising by reason of the matters listed below because these matters are either excepted or excluded from coverage or are not matters covered under the insuring provisions of the policy.

Note A:          Your application for title insurance was placed by reference to only a street address or tax identification number.  Based on our records, we believe that the legal description in this report covers the parcel(s) of Land that you requested.  If the legal description is incorrect, the seller/borrower must notify the Company and/or the settlement company in order to prevent errors and to be certain that the correct parcel(s) of Land will appear on any documents to be recorded in connection with this transaction and on the policy of title insurance.

Note B:          FOR INFORMATIONAL PURPOSES ONLY:

The following may be used as an abbreviated legal description on the documents to be recorded, per Amended RCW 65.04.045.  Said abbreviated legal description is not a substitute for a complete legal description within the body of the document:

PTN TR. 5, SNOQUALMIE JIM'S PLAT OF TULALIP NO. 56, SNOHOMISH COUNTY, WA
Tax Account No.: 005798-000-005-05

Note C:          The Public Records indicate that the address of the improvement located on said Land is as follows:

6121 39th Drive Northwest
Marysville, WA 98271

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053591**

## SCHEDULE B
(continued)

Note D:    There are NO conveyances affecting said Land recorded within 36 months of the date of this report.

Note E:    The Company is willing to issue an Extended Coverage Lenders Policy.  General Exceptions A through K, inclusive, are hereby deleted.

ALTA 22-06, ALTA 8.1 and ALTA 9-06 Endorsements will issue with the forthcoming lenders policy.

Note F:    This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land. Except to the extent of a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances or acreage shown thereon.

**END OF NOTES**

**END OF SCHEDULE B**

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500053591**

## CONDITIONS

1.   The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2.   If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge.  If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3.   Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment.  In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4.   This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title.  Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5.   *The policy to be issued contains an arbitration clause.  All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.  You may review a copy of the arbitration rules at http://www.alta.org.*

### END OF CONDITIONS

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

# EXHIBIT 3

# Dobler Title Commitment

# ALTA COMMITMENT FOR TITLE INSURANCE

Issued By agent:

 **CHICAGO TITLE COMPANY**

Commitment Number:

**500044607**

CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six (6) months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

This Commitment shall not be valid or binding until countersigned by a validating officer or authorized signatory.

IN WITNESS WHEREOF, CHICAGO TITLE INSURANCE COMPANY has caused its corporate name and seal to be affixed by its duly authorized officers on the date shown in Schedule A.

Chicago Title Insurance Company

By:

_____
President

Countersigned By:

*Kristy Leglum*

_____
Authorized Officer or Agent

Attest:

_____
Secretary

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                   **COMMITMENT NO. 500044607**

| ISSUING OFFICE: | FOR SETTLEMENT INQUIRIES, CONTACT: |
|---|---|
| Title Officer:  Builder Unit<br>Chicago Title Company<br>3002 Colby Ave., Suite 200<br>Everett, WA 98201<br>Fax:  (866)827-8844<br>Main Phone:  (425)259-8223<br>Email:  evebuilder@ctt.com | |

## SCHEDULE A

**ORDER NO. 500044607**

1. Effective Date:  July 5, 2016 at 08:00 AM

2. Policy or (Policies) to be issued:

   a.  ALTA Homeowner's Policy of Title Insurance 2010
   Proposed Insured:        To Be Determined
   Policy Amount:           To Be Determined
   Premium:                                     To Be Determined
   Tax:                                         To Be Determined
   Total:                                       To Be Determined

   b.  ALTA Loan Policy 2006
   Proposed Insured:        To Be Determined
   Policy Amount:           To Be Determined
   Premium:                                     To Be Determined
   Tax:                                         To Be Determined
   Total:                                       To Be Determined

3. The estate or interest in the land described or referred to in this Commitment is:

   Fee Simple

4. Title to the estate or interest in the land is at the Effective Date vested in:

   Robert C. Dobler and Lizbeth K. Dobler, husband and wife

5. The land referred to in this Commitment is described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

### END OF SCHEDULE A

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



ALTA Commitment (Adopted:  06.17.2006)                    Page 2                    Printed:  07.14.16 @ 11:50 AM
                                                                                    WA-CT-FNRV-02150.624691-SPS-1-16-500044607

# EXHIBIT "A"
## Legal Description

**For APN/Parcel ID(s):  005798-000-008-03**

ALL THAT PORTION OF TRACT 8, SNOQUALMIE JIM'S PLAT TULALIP ALLOTTE NO. 56 COMPRISING LOTS 6, 7, 8 OF SECTION 27 AND LOT 1 OF SECTION 34, TOWNSHIP 30 NORTH, RANGE 4 EAST, W.M., TULALIP INDIAN RESERVATION, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 10 OF PLATS, PAGE 63, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, LYING BETWEEN TWO SIDE LINES DRAWN PARALLEL WITH THE NORTHWESTERLY BOUNDARY LINE OF SAID TRACT 8 AND DISTANT THEREFROM IN A SOUTHEASTERLY DIRECTION RESPECTIVELY 251.1 FEET AND 351.1 FEET;

SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited.  Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

**CHICAGO TITLE COMPANY**                    **COMMITMENT NO. 500044607**

## SCHEDULE B

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

**GENERAL EXCEPTIONS:**

A. Rights or claims of parties in possession, or claiming possession, not shown by the Public Records.

B. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete survey of the land.

C. Easements, prescriptive rights, rights of way, liens or encumbrances, or claims thereof not disclosed by the Public Records.

D. Any lien, or right to a lien, for contributions to the employee benefit funds, of for state workers compensation, or for services, labor, or material heretofore or hereafter furnished, all as imposed by law, and not shown by the Public Records.

E. Taxes or special assessments which are not yet payable or which are not shown as existing liens by the Public Records.

F. Any lien for service, installation, connection, maintenance, tap, capacity or construction or similar charges for sewer, water, electricity, natural gas or other utilities, or for garbage collection and disposal not shown by the Public Records.

G. Unpatented mining claims, and all rights relating thereto.

H. Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof.

I. Indian tribal codes or regulations, Indian treaty or aboriginal rights, including easements or equitable servitudes.

J. Water rights, claims or title to water.

K. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date but prior to the date the Proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.


**SPECIAL EXCEPTIONS:**


1.     Covenants, conditions, restrictions, recitals, reservations, easements, easement provisions, dedications, building setback lines, notes, statements, and other matters, if any, but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth on Snoqualmie Jim's Plat Tulalip Allotte No. 56:

   Recording No:  348769

**Copyright American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500044607**

## SCHEDULE B
(continued)

2.      Memorandum of Ordinance No. 99-054 and the terms and conditions thereof:

     Regarding:       Zoning, minimum required lot sizes and subdivision requirements
     Recording Date:    April 9, 1999
     Recording No.:     9904090798

3.      Critical Areas Site Plan and the terms and conditions thereof:

     Recording Date:    September 26, 2006
     Recording No.:     200609260357

4.      Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

     Granted to:       Buckley Evans and Tina Evans
     Purpose:        Ingress and egress to maintain existing improvements
     Recording Date:    January 5, 2007
     Recording No.:     200701050540
     Affects:         Southerly portion of said premises

5.      The Land lies within the boundaries of the Tulalip Indian Reservation Indian Reservation and is subject to the rights of the Indian tribe to exercise governmental powers, including the power to tax.

6.      Water rights, claims or title to water within the boundaries of the Tulalip Indian Reservation Indian Reservation.

7.      Restrictions, including any restraint against alienation, as contained in the deed or the federal patent and the act authorizing the issuance thereof, under which title is vested.

8.      Any question that may arise due to shifting or change in the course, boundaries or high water line of Puget Sound or due to prior shifting or changing of the course, boundaries or high water line; and rights of the State of Washington in and to that portion of said Land, if any, lying in the bed or former bed of Puget Sound.

9.      Any prohibition or limitation of use, occupancy or improvement of the Land resulting from the rights of the public or riparian owners to use any portion which is now or was formerly covered by water.

10.      Paramount rights and easements in favor of the United States for commerce, navigation, fisheries and the production of power.

11.      Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof; Indian treaty or aboriginal rights.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500044607**

## SCHEDULE B
(continued)

12. Payment of real estate excise tax, if required.

    The Land is situated within the boundaries of local taxing authority of Unincorporated Snohomish County.

    Present rate of real estate excise tax as of the date herein is 1.78 percent.

    Any conveyance document must be accompanied by the official Washington State Excise Tax Affidavit. The applicable excise tax must be paid and the affidavit approved at the time of the recording of the conveyance documents. (NOTE: Real Estate Excise Tax Affidavits must be printed as legal size forms).

    An additional $5.00 Electronic Technology Fee must be included in all excise tax payments.

    If the transaction is exempt, an additional $5.00 Affidavit Processing Fee is required.

13. Payment of real estate excise tax, if required.   The Land is situated within the boundaries of the Tulalip Indian Reservation Indian Reservation.  Present rate of excise tax as of the date herein is 1% (one percent).

14. General and special taxes and charges, payable February 15, delinquent if first half unpaid on May 1, second half delinquent if unpaid on November 1 of the tax year (amounts do not include interest and penalties):

    | | |
    |---|---|
    | Year: | 2016 |
    | Tax Account Number: | 005798-000-008-03 |
    | Levy Code: | 01269 |
    | Assessed Value-Land: | $382,200.00 |
    | Assessed Value-Improvements: | $762,700.00 |

    | | | |
    |---|---|---|
    | General and Special Taxes: | Billed: | $14,293.19 |
    | | Paid: | $7,146.59 |
    | | Unpaid: | $7,146.60 |

15. A deed of trust to secure an indebtedness in the amount shown below,

    | | |
    |---|---|
    | Amount: | $311,000.00 |
    | Dated: | November 14, 2012 |
    | Trustor/Grantor: | Robert C. Dobler and Lizbeth K. Nobler, husband and wife |
    | Trustee: | Northwest Trustee Services, PLLC |
    | Beneficiary: | Mortgage Electronic Registration Systems, Inc., solely as nominee for Seattle Mortgage Company |
    | Loan No: | 401055 |
    | Recording Date: | November 19, 2012 |
    | Recording No.: | 201211190435 |

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



Printed: 07.14.16 @ 11:50 AM
WA-CT-FNRV-02150.624691-SPS-1-16-500044607

CHICAGO TITLE COMPANY                                    COMMITMENT NO. 500044607

## SCHEDULE B
(continued)

16.    The names of the proposed insured were not furnished in the application for title insurance, and when disclosed, the commitment will be subject to such matters as may be found by a search of the records against said names.

The Company reserves the right to add additional items or make further requirements after review of the requested documentation.

### END OF EXCEPTIONS

### NOTES

The following matters will not be listed as Special Exceptions in Schedule B of the policy.  There will be no coverage for loss arising by reason of the matters listed below because these matters are either excepted or excluded from coverage or are not matters covered under the insuring provisions of the policy.

Note A:        Your application for title insurance was placed by reference to only a street address or tax identification number.  Based on our records, we believe that the legal description in this report covers the parcel(s) of Land that you requested.  If the legal description is incorrect, the seller/borrower must notify the Company and/or the settlement company in order to prevent errors and to be certain that the correct parcel(s) of Land will appear on any documents to be recorded in connection with this transaction and on the policy of title insurance.

Note B:        Note:  FOR INFORMATIONAL PURPOSES ONLY:

The following may be used as an abbreviated legal description on the documents to be recorded, per Amended RCW 65.04.045.  Said abbreviated legal description is not a substitute for a complete legal description within the body of the document:

PTN TR 8, SNOQUALMIE JIM'S PLAT TULALIP ALLOTTE NO. 56, SNOHOMISH COUNTY, WA

Tax Account No.: 005798-000-008-03

Note C:        The Public Records indicate that the address of the improvement located on said Land is as follows:

3432 Mission Beach Road
Marysville, WA 98271

Note D:        Note: There are NO conveyances affecting said Land recorded within 36 months of the date of this report.

Note E:        Note: The Company is willing to issue an Extended Coverage Lenders Policy. General Exceptions A through K, inclusive, are hereby deleted.

ALTA 22-06, ALTA 8.1 and ALTA 9-06 Endorsements will issue with the forthcoming lenders policy.

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500044607**

## SCHEDULE B
(continued)

Note F:      This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land. Except to the extent of a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances or acreage shown thereon.

### END OF NOTES

### END OF SCHEDULE B

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited.  Reprinted under license from the American Land Title Association.



Printed: 07.14.16 @ 11:50 AM
WA-CT-FNRV-02150.624691-SPS-1-16-500044607

**CHICAGO TITLE COMPANY**                                    **COMMITMENT NO. 500044607**

CONDITIONS

1.   The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2.   If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge.  If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3.   Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment.  In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4.   This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title.  Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5.   *The policy to be issued contains an arbitration clause.  All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.  You may review a copy of the arbitration rules at http://www.alta.org.*

END OF CONDITIONS

**Copyright American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.

