THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS MITCHELL, *et al.*, | CASE NO. C17-1279-JCC |
| Plaintiffs, | ORDER |
| v. | |
| TULALIP TRIBES OF WASHINGTON, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

# I.   BACKGROUND

Plaintiffs are three married couples, each of whom own a house on the Tulalip Indian Reservation in Snohomish County, Washington ("Homeowners"). (Dkt. No. 1 at 1–3.) Defendant Tulalip Tribes of Washington ("The Tribes"), is a federally recognized American Indian Tribe. (Dkt. No. 6 at 2.) Homeowners are not members of The Tribes. (Dkt. No. 1 at 1–3.) Homeowners seek declaratory and injunctive relief against The Tribes in regard to tribal ordinances that they allege are unlawfully encumbering their property. (*Id*. at 5–6.)

Although Homeowners' property is located on the Tulalip Reservation, they own title in fee simple. (Dkt. No. 1 at 3.) In 1999, The Tribes recorded a Memorandum of Ordinance that

states The Tribes have land use regulatory authority over all properties located within the Reservation's boundaries. (*Id.*)[1] This regulatory ordinance appears as a special exception to coverage on Homeowners' title. (*See* Dkt. Nos. 1 at 4, 13, 23, 33.) In addition, the Tulalip Tribal Code contains a real estate excise tax provision that requires payment of 1% of the sale price of any transfer of real property within the boundaries of the Tulalip Reservation. (Dkt. No. 1 at 4–5.)[2] This excise tax is also listed as a special exception on Homeowners' title. (*See* Dkt. Nos. 5, 14, 23, 34.) Homeowners allege that the regulatory ordinance and real excise tax place a cloud on their title and render it unmarketable. (Dkt. Nos. 1 at 4–5; 7 at 10.)

Homeowners ask the Court to: (1) declare The Tribes are without right to regulate or levy tax on Homeowners' property; (2) permanently enjoin The Tribes from excising a tax against Homeowners' property; and (3) quiet title to Homeowners' title free and clear of any encumbrances arising from the regulatory ordinance or real estate excise tax. (Dkt. No. 1 at 5–6.)

## II. DISCUSSION

The Tribes argue that Homeowners' claims should be dismissed for three reasons. First, The Tribes assert the Court lacks subject matter jurisdiction because Homeowners are barred from bringing the lawsuit under the doctrine of tribal sovereign immunity. (Dkt. No. 6 at 3.) Second, it argues that Homeowners' claims are barred by res judicata because the Snohomish County Superior Court previously dismissed the identical claims with prejudice. (*Id.*) Third, The Tribes assert that Homeowners' claims do not represent an Article III case or controversy because they are not ripe (*Id.*) As discussed below, the Court finds that Homeowners' claims are unripe and therefore does not address the issues of tribal sovereign immunity and res judicata.

### A. The Rule 12(b)(1) Standard and Ripeness

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. In reviewing a Rule 12(b)(1) motion, the Court assumes

---

[1] Memorandum of Ordinance No. 9904090798, Snohomish County, Washington.

[2] Tulalip Tribal Code, Chapter. 12.20, *et seq*. (Dkt. No. 1 at 5.)

all material allegations in the complaint are true. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Ripeness is properly raised on a Rule 12(b)(1) motion because it deals with the district court's subject matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).

Article III of the Constitution, allows federal courts to hear only actual "cases" and "controversies." *See Allen v. Wright*, 468 U.S. 737, 750 (1984). The ripeness doctrine derives from the case and controversy requirement and allows district courts to dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citation omitted). The question of whether a case is ripe requires courts "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

**B. The Homeowners' Claims are not Ripe**

Homeowners' case is not fit for judicial determination and the parties would suffer no immediate hardship from the Court withholding decision. The Tribes have not attempted to enforce the regulatory ordinance or real estate tax against Homeowners. There is no evidence the parties have attempted to adjudicate the dispute through The Tribes' court system or administrative process. Homeowners ask the Court to interpret tribal law and declare, in the abstract, that the ordinances do not apply to their property and cannot be enforced against them in the future. (Dkt. No. 1 at 4.) District courts are cautioned not to resolve issues "involving contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir.1996). Homeowners assert the ordinances have rendered their title unmarketable, but that concept represents an injury contingent on multiple future events: first, a real estate transaction, and second a contract that would require marketable title in order to close the transaction. (Dkt. No. 7 at 10) (citing *Dave*

*Robbins Const., LLC v. First Am. Title Co.*, 249 P.3d 625, 627 (Wash. Ct. App. 2010)). Homeowners have not alleged either event has occurred.

The Court perceives no hardship to the Homeowners from withholding a decision because the facts do not demonstrate they would suffer immediate harm. Homeowners do not allege that the ordinances have prevented them from developing or conveying their property. They do not allege that there is a pending transaction, or even an anticipated future transaction, that would implicate either of the ordinances. Regarding the excise tax, Homeowners allege "on information and belief escrow companies are treating the claimed tax as an enforceable lien requiring payment of the tax as a condition to closing transactions involving non-native fee owned properties within the original boundaries of the Tulalip Reservation." (Dkt. No. 1 at 5.) But there is no allegation that Homeowners have plans to sell or convey their property or that an escrow company has treated the tax as an enforceable lien on their property.

The Court will not issue a declaratory judgment because Homeowners' complaint does not demonstrate "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003) (internal quotations omitted).

## III. CONCLUSION

For the foregoing reasons, The Tribe's motion to dismiss (Dkt. No. 6) is GRANTED. Homeowners' claims are DISMISSED without prejudice.

DATED this 2nd day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – C17-1279-JCC
PAGE - 4